Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000777
08-JAN-2014
08:34 AM

NO. CAAP-12-0000777

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE

ELLEN K. KALAHELE REVOCABLE LIVING TRUST

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 10-1-0141)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Respondent-Appellant Thalia K. White-Ching (White-Ching), beneficiary of the Ellen K. Kalahele (Ellen) Revocable Living Trust (Kalahele Trust), appeals from the (1) April 18, 2011 "Order Granting Petition of Brian M.C. Pang For Appointment Of A Guardian Ad Litem, Determination Of Successor Trustee And For Vesting Order For The Ellen K. Kalahele Revocable Living Trust" (Vesting Order); and (2) August 7, 2012 "Amended Judgment On Order Granting Petition Of Brian M.C. Pang For Appointment Of A Guardian Ad Litem, Determination Of Successor Trustee And For Vesting Order For The Ellen K. Kalahele Revocable Living Trust" both entered in the Circuit Court of the First Circuit[1] (circuit court).

White-Ching's opening brief specifies the following points of error by the Estate and Probate Branch (probate court):

---
[1] The Honorable Derrick H. M. Chan presided.

(1) adopting the Report of the Kokua Kanawai (Kokua Kanawai Report) without holding an evidentiary hearing;

(2) declining to defer issuance of its Vesting Order while the parties were awaiting a post-trial ruling in regard to guardianship issues;

(3) adopting the Kokua Kanawai Report, which contained recommendations that contradicted Ellen's expressed wishes and intentions regarding who should and should not be her fiduciaries and beneficiaries;

(4) adopting the Kokua Kanawai Report's recommendation that the September 2010 trust document should be the operative trust document; and

(5) adopting the Kokua Kanawai Report's recommendation to appoint Brian M.C. Pang, Esq. (Pang) and Karen Fujiyama (Fujiyama) as successor co-trustees.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude White-Ching's appeal is without merit.

The probate court acted within its jurisdiction when it adopted the Kokua Kanawai Report, issued its Vesting Order, and filed its judgment notwithstanding the Family Court of the First Circuit (family court) proceedings. "The [probate] court has jurisdiction over protective proceedings and the family court has jurisdiction over guardianship proceedings." Hawaii Revised Statutes (HRS) § 560:1-302(c) (2006 Repl.); In re Estate of Kam, 110 Hawai'i 8, 20, 129 P.3d 511, 523 (2006) (noting that probate courts and circuit family courts may have concurrent jurisdiction over guardianship of the property proceedings) (citation omitted). "Where protective and guardianship proceedings relating to the same person have been initiated, they may be consolidated in the [probate] court or in the family court as the [probate] court and the family court in the exercise of their discretion shall determine." HRS § 560:1-302(d) (2006 Repl.).

2

Similarly, "[w]here protective and guardianship proceedings relating to the same person have been initiated, they may be consolidated in the [probate] court as the [probate] court in the exercise of its discretion shall determine." HRS § 560:5-106(3) (Repl. 2006). The probate court was not required to consolidate its proceedings with those of the family court nor was the probate court required to stay its proceedings or orders pending the resolution of the guardianship matter in the family court.

The probate court did not abuse its discretion in declining to hold an evidentiary hearing on Kalahele Trust matters. The Kokua Kanawai Report recommended against setting the instant case for trial because: (1) Ellen would be burdened with additional legal fees and costs; (2) speedy resolution of disputes concerning the trusteeship were necessary to permit access to First Hawaiian Bank account monies, which were needed to pay Ellen's real property taxes; and (3) timely resolution of these issues would be appropriate in view of Ellen's advanced age. Ellen was 93 years old at the time that the Kokua Kanawai Report was prepared in 2011. Accordingly, the probate court concluded that Ellen's best interests would be served by granting Pang's "Petition Of [Pang] For Appointment Of A Guardian Ad Litem, Determination Of Successor Trustee And For Vesting Order For The Ellen K. Kalahele Revocable Living Trust" (Petition) and not allowing the Petition to be litigated as a contested case and not holding an evidentiary hearing.

The probate court did not abuse its discretion in adopting Kokua Kanewai Report recommendations because it contained findings that contradicted those of the family court. The family court's findings and conclusions were based on a four-day trial and review of White-Ching's and her nephew Nolan George's filings concerning the fitness of White-Ching to serve as Ellen's guardian. Pang was not a party to the family court proceedings. Further, in granting White-Ching's guardianship petition, the family court relied on an order of priorities for qualifying a guardian of the person under HRS § 560:5-310 (Repl.

3

2006), whereas the probate court granted Pang's petition pursuant to statutes concerning the appointment of trustees, HRS §§ 560:5-106; 560:7-201 (2006 Repl.), and 560:7-206 (2006 Repl.).

Finally, White-Ching provides no argument in support of her contention that the probate court reversibly erred in adopting recommendations that Pang and Fujiyama be appointed successor trustees. We are not obliged to address matters for which appellants have failed to present discernible arguments and decline to do so here. Exotics Hawaii-Kona, Inc., 116 Hawai'i 277, 288, 172 P.3d 1021, 1032 (2007).

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's: (1) April 18, 2011 "Order Granting Petition of Brian M.C. Pang For Appointment Of A Guardian Ad Litem, Determination Of Successor Trustee And For Vesting Order For The Ellen K. Kalahele Revocable Living Trust;" and (2) August 7, 2012 "Amended Judgment On Order Granting Petition Of Brian M.C. Pang For Appointment Of A Guardian Ad Litem, Determination Of Successor Trustee And For Vesting Order For The Ellen K. Kalahele Revocable Living Trust" are affirmed.

DATED: Honolulu, Hawai'i, January 8, 2014.

On the briefs:

Thalia K. White-Ching
Respondent-Appellant pro se.

Brian M.C. Pang
Petitioner-Appellee pro se.

Stephen G. Bess
for Respondent-Appellee Nolan
George.

Presiding Judge

Associate Judge

Associate Judge

4